139 F.3d 908
 2 Cal. Bankr. Ct. Rep. 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Robert Allen SMITH, Debtor,
Benjamin Paul Kekona; Tamae M. Kekona, Plaintiffs-Appellees,
and
Michael Bornemann, M.D., Creditor-Appellee,
v.
Robert Allen Smith, Defendant-Appellant.
 No. 97-15368.
D.C. No. CV-96-00919-MP.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the District of Hawaii Martin Pence, Senior District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is Robert Smith's fourth appeal of an order arising out of his bankruptcy. He challenges the district court's affirmance of the bankruptcy court's grant of creditor Kekonas' motion for summary judgment denying Smith a discharge in bankruptcy on the basis of 11 U.S.C. §§ 727(a)(2), (a)(4)(A), and (a)(6). We review summary judgments de novo. Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir.1997). We affirm on all three grounds relied upon by the bankruptcy and district courts.
 
 
 3
 Section 727(a)(6) provides in relevant part that a debtor shall be denied a discharge in bankruptcy if he has refused "to obey any lawful order of the court." The bankruptcy court found that Smith had violated its order that "all monies due [to Smith] in the settlement of that certain civil action entitled VJM ... shall forthwith be ... held by [Smith's professional corporation] pending further order of this court." Smith claims on appeal that he did not know that he violated this order by spending the VJM money. The bankruptcy court properly rejected this argument, emphasizing that Smith "is an attorney-at-law who drafted the order directing him to hold the funds."
 
 
 4
 Section 727(a)(4)(A) bars discharge if the debtor "knowingly or fraudulently ... made a false oath or account." We need address only one basis for the summary judgment. The bankruptcy court found that Smith made a false oath by giving a family friend a security interest in all of his personal property without listing this agreement in his bankruptcy schedules. On appeal Smith suggests (but does not assert) that the security agreement does not exist. We find sufficient basis for the bankruptcy court's faith in the agreement's existence in Smith's acknowledgment of a UCC-1 financing statement perfecting the agreement.
 
 
 5
 Section 727(a)(2) bars discharge if the debtor has transferred his property with the intent to hinder a creditor within one year of the filing of his petition. The bankruptcy court found that Smith: 1. fraudulently transferred his Kaneohe property 2. "has admitted cashing client checks directly, in order to avoid garnishment," and 3. "has admitted that he and [his wife] recorded a mortgage to hinder IRS collection of a tax debt." The court concluded that "[a]ll of these acts demonstrate a pattern of behavior actually intended to hinder and delay a creditor under section 727(a)(2)." On appeal, Smith does not challenge the second and third findings. They alone justify the bankruptcy court's denial of discharge.
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3